UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Brandon Velez,
     Plaintiff

     v.                           Case No. 23-cv-44-SM-TSM
                                     Opinion No. 2025 DNH 061

Rachael Eutzy, Erik Slocum,
Casey Seigle, and
The City of Manchester, N.H.,
     Defendants

**O R D E R**

Early in the morning of February 22, 2021, the plaintiff, Brandon Velez, was the subject of a lawful motor vehicle stop in Manchester, New Hampshire. That stop was conducted by Manchester police officers Rachael Eutzy and Erik Slocum. After a brief interaction with Velez (during which he was evasive and confrontational), Officer Eutzy instructed him to get out of his vehicle. Velez refused and then resisted her efforts to extract him from the car. A brief but fairly violent struggle ensued as Officers Eutzy and Slocum forcibly removed Velez from the car. The third individual defendant, Sergeant Seigle, arrived at the scene immediately before the officers successfully secured Velez in custody.

During the course of his struggle against the officers, Velez was Tasered twice and struck in the chest. He suffered a small cut on his left hand (perhaps from the effort to handcuff him) and some minor scrapes and bruising - his booking photos show a bruise on his forehead and a small abrasion under his left eye - but no lasting physical injuries. The details of the traffic stop, the brief struggle, and Velez's eventual arrest are discussed in detail in the court's prior order. See Order on Summary Judgment (document no. 26) ("Velez I").

Following his arrest, Velez was charged with disobeying a police officer and resisting arrest (both misdemeanors) and operating at night without a headlight (a violation). Velez pled guilty to the traffic violation and the misdemeanor charges were dropped. He then filed this civil suit in which he claimed that he had been the victim of excessive force, battery, wrongful arrest, and false imprisonment. In total, he brought seven federal claims and four state common law claims against the City of Manchester and the three police officers involved in his arrest.

In Velez I, the court concluded that: (a) the motor vehicle stop was lawful and defendants had probable cause to stop, detain, and arrest Velez; (b) none of the individual officers

employed constitutionally excessive force against Velez; (c) the
level of force used by the officers to extract Velez from the
vehicle (and to prevent him from possibly accessing anything
that could be used as a weapon) was reasonable and escalated in
measured form; and (d) under the circumstances, the police
officers were legally justified in their use of reasonable force
and, therefore, did not commit common law assault or battery.
In light of those conclusions (and others), the court granted
defendants' motion for summary judgment on all claims raised in
Velez's complaint.  Velez appealed the court's decision to the
Court of Appeals for the First Circuit, see Velez v. Eutzy, et
al., Case No. 24-1594, and the court heard oral argument on
January 8, 2025.  A decision on the merits is currently pending.

    Invoking the provisions of New Hampshire Revised Statutes
Annotated ("RSA") 627:1-a, defendants now seek an award of
attorney's fees for work related to their successful defense
against Velez's four state common law claims of assault and
battery, false imprisonment, and failure to train.  For the
reasons discussed, that motion is denied.

## Discussion

    The court necessarily begins with the following
observation: defendants are under the mistaken impression that

the court "has already granted Defendants' request for
attorney's fees."  Defendants' Reply Memorandum (document no.
37) at 2 (emphasis in original).  That is incorrect.  Earlier in
this case, three motions were pending: defendants' motion for a
bill of costs and a separate a motion for attorney's fees; and
plaintiff's motion for an extension of time to object to those
motions.  In resolving those motions, the court first denied
(without prejudice) defendants' motion for costs as premature.
Then, turning to plaintiff's motion to extend time, the court
ruled:

> Plaintiff's motion to extend the time by which it must
> object to the motions (**document no. 33**) is granted in
> part and denied in part.  As to defendants' premature
> bill of costs, it is denied as moot.  As to
> defendants' motion for attorney's fees, it [i.e.,
> plaintiff's motion to extend time] is granted.  If,
> after conferring with each other in good faith, the
> parties are unable to agree upon a fair, reasonable,
> and just award of attorney's fees to defendants,
> plaintiff may file an objection [to defendants' motion
> for fees] on or before July 24, 2024.

Order dated July 9, 2024 (document no. 34) at 2.  Plainly, then,
defendants' motion for attorney's fees remains unresolved.


    Next, the court must consider whether it retains
jurisdiction to rule on defendants' request for fees despite the
pendency of Velez's appeal.  It does.

> The black-letter rule that the filing of a notice of
> appeal transfers authority over the case from the
> trial court to the court of appeals derives from a
> desire to prevent clashes between institutions that
> occupy different tiers within the federal judicial
> system.  Thus, the trial court may continue to
> exercise a modicum of power over a case that is before
> the appellate court - but this power exists only in
> those few situations in which the risk of an
> intramural collision is small. . . ..
>
> By its nature, any suggestion of shared jurisdiction
> is sensitive and, thus, the administration of this
> principle requires a delicate touch.  At most, shared
> jurisdiction flourishes in a circumscribed cluster of
> situations, the handling of which is not inconsistent
> with the prosecution of an appeal.  <u>These situations
> include the processing of such peripheral or ancillary
> aspects of the case as motions for counsel fees</u>,
> actions in aid of execution of a judgment that has
> been appealed and not stayed, and orders relating to
> procedures in aid of the appeal.

<u>United States v. Brooks</u>, 145 F.3d 446, 456 (1st Cir. 1998)

(emphasis supplied; citations and internal punctuation omitted).

<u>See generally</u> Fed. R. Civ. P. 54(d)(2)(B) (governing the timing

of a motion seeking an award of attorney's fees).


Turning to the merits of defendants' motion, the court

notes that New Hampshire honors the traditional "American Rule"

under which each party typically bears its own costs associated

with litigation, including attorney's fees.  Consequently, any

award of attorney's fee "must be grounded upon statutory

authorization, an agreement between the parties, or an

established exception to the rule that each party is responsible

for paying his or her own counsel fees." <u>Clipper Affiliates v.</u>
<u>Checovich</u>, 138 N.H. 271, 278 (1994).  Here, as noted above,
plaintiffs seek a fee award pursuant to a statutory
authorization, specifically RSA 627:1-a.  That statute provides
that:

> A <u>person</u> who uses force in self-protection or in the
> protection of other persons pursuant to RSA 627:4, in
> the protection of premises and property pursuant
> to RSA 627:7 and 627:8, <u>in law enforcement pursuant</u>
> <u>to RSA 627:5</u>, or in the care or welfare of a minor
> pursuant to RSA 627:6, is justified in using such
> force and shall be immune from civil liability for
> personal injuries sustained by a perpetrator which
> were caused by the acts or omissions of the person as
> a result of the use of force.
>
> In a civil action initiated by or on behalf of a
> perpetrator against the person, <u>the court shall award</u>
> <u>**the person** reasonable attorney's fees</u>, and costs,
> including but not limited to, expert witness fees,
> court costs, and compensation for loss of income.

N.H. Rev. Stat. Ann. § 627:1-a (emphasis supplied).  In turn,
RSA 627-5 provides, in relevant part, that:

> A law enforcement officer is justified in using non-
> deadly force upon another person when and to the
> extent that he reasonably believes it necessary to
> effect an arrest or detention or to prevent the escape
> from custody of an arrested or detained person, unless
> he knows that the arrest or detention is illegal, or
> to defend himself or a third person from what he
> reasonably believes to be the imminent use of non-
> deadly force encountered while attempting to effect
> such an arrest or detention or while seeking to
> prevent such an escape.

RSA 627:5 I.  In short, then, if law enforcement officers use reasonable force to effect an arrest that they reasonably believe is lawful, they are immune from civil liability. Moreover, if they are subsequently sued for such conduct, they are entitled to recover reasonable attorney's fees incurred in defending themselves.

The problem with defendants' invocation of RSA 627:1-a, at least as it presents itself in this case, is this: the statute speaks exclusively to the ability of an individual "person" to recover attorney's fees, not a municipality.  Typically, however, in civil actions of this sort, the legal fees associated with defending police officers' conduct are borne by their municipal employers (or their insurance carriers).  Such was certainly the case here: the City of Manchester retained and compensated the attorneys who represented both the City and the individual officers.  See, e.g., Defense Counsel's Invoice to City of Manchester (document no. 32-2).  So, those individual officers incurred no liability for attorney's fees.  The City of Manchester is the true party in interest and it is the City that seeks to recover its attorney's fees pursuant to RSA 627:1-a. But that statute does not specifically authorize municipalities to recover fees in the context of a case like this.

There are, to be sure, other situations in which the New Hampshire Legislature has authorized awards of attorney's fees to municipal entities.  For example, RSA 676:17 provides that:

> In any legal action brought by a municipality to enforce, by way of injunctive relief as provided by RSA 676:15 or otherwise, any local ordinance, code or regulation adopted under this title, or to enforce any planning board, zoning board of adjustment or building code board of appeals decision made pursuant to this title, or to seek the payment of any fine levied under paragraph I, the municipality shall recover its costs and reasonable attorney's fees actually expended in pursuing the legal action if it is found to be a prevailing party in the action.

N.H. Rev. Stat. Ann. § 676:17 I (emphasis supplied).  See also RSA 12-G:14 II(3) (attorney's fees recoverable by municipalities to cover costs associated with collecting real estate taxes from entities leasing property from the Pease Development Authority); RSA 80:88 (attorney's fees recoverable by municipalities to cover the cost of preparing and filing petition to sell property acquired by tax deed); RSA 147:7-b V (attorney's fees recoverable by municipalities to cover costs incurred defending an order of nuisance abatement); and RSA 676:17-a IX (attorney's fees recoverable by municipalities in litigation over cease and desist orders).

Undeniably, then, the New Hampshire legislature understands how to draft statutory language when it wishes to make clear the

circumstances under which a municipality may recover attorney's
fees in civil litigation.  Its omission of any such language
from the statute at issue is, then, noteworthy.

Indeed, says Velez, the statute's use of the word "person"
and its omission of any reference to "municipalities" is both
meaningful and dispositive of defendants' motion.  As Velez sees
things, because RSA 627:1-a does not authorize an award of
attorney's fees to a municipality, and because defendants do not
invoke any other statute or common law principle in support of
their fee request, that request must necessarily be denied.  In
response, defendants assert that nothing in the statute
specifically requires a "person" to actually incur an obligation
to pay attorney's fees in order to be entitled to an award of
attorney's fees.  See Defendants' Reply Memorandum at 3.

The New Hampshire Supreme Court has yet to address this
issue (and neither party has moved this court to certify the
question to the New Hampshire Supreme Court).  Resolving the
parties' conflicting interpretations of RSA 627:1-a requires the
court to employ New Hampshire's rules of statutory construction,
which are clear and well-established:

> The interpretation of a statute raises a question of
> law, which we review de novo. . . . We first look to

> the language of the statute itself, and, if possible,
> construe that language according to its <u>plain and
> ordinary meaning</u>.
>
> We interpret legislative intent from the statute as
> written and <u>will not consider what the legislature
> might have said or add language that the legislature
> did not see fit to include</u>.  Only when the statutory
> language is ambiguous do we look to the legislative
> history to aid in our interpretation.

<u>State v. Williams</u>, 174 N.H. 635, 640-41, 273 A.3d 394, 399

(2021) (emphasis supplied; citations omitted).  <u>See also</u> <u>State

v. Pinault</u>, 168 N.H. 28, 31 (2015) ("We interpret legislative

intent from the statute as written and will not consider what

the legislature might have said or add language it did not see

fit to include.  Finally, we interpret a statute in the context

of the <u>overall statutory scheme</u> and not in isolation.")

(emphasis supplied; citation omitted).


    Here, several factors counsel in favor of interpreting the

word "person," as used in RSA 627:1-a, to mean an individual

human being – not that individual's employer or the insurance

company that actually incurred the obligation to pay the

attorney's fees associated with defending the person's conduct.

First, and perhaps most importantly, in the "overall statutory

scheme" of RSA ch. 627, <u>Pinault</u>, 168 N.H. at 31, the word

"person" is not ambiguous.  Chapter 627 is entitled

"justification" and addresses the general principle that,

"Conduct which is justifiable under this chapter constitutes a
defense to any offense.  The fact that such conduct is
justifiable shall constitute a complete defense to any civil
action based on such conduct."  RSA 627:1 ("General Rule").  The
statute goes on to describe the circumstances under which
individuals (including, but not limited to, law enforcement
officers) may lawfully employ both non-deadly and deadly force
in a variety of situations (e.g., self defense; defense of
another; defense of premises; during the course of law
enforcement; with respect to a minor ward, child, or student;
and to prevent property theft).

Because the statute as a whole focuses on the rights (and
protections) afforded to individual citizens, it is not
surprising that the statue also speaks to an individual's
immunity from civil suit and an individual's entitlement to
attorney's fees.  For the same reasons, it is unsurprising that
the statute does not mention the individual's employer, or
insurer, or subrogation rights.  The legislative focus appears
to have been on making certain that individual citizens who
reasonably employ either non-deadly or deadly force are
protected from civil suit and, if they incur costs and
attorney's fees defending a civil suit, are afforded an
opportunity to recover those expenses.  In short, the statute's

11

focus is on the individual person, not his or her employer or insurer.

Similarly, when the legislature amended chapter 627 in 2011 by adding the section at issue – that is, 627:1-a - it did not use the words "employer," or "municipality," or "insurer," or "subrogation."  Consistent with the existing overall statutory scheme, the rights and protections afforded by that section apply only to "persons."  The court must assume that the legislature acted deliberately in choosing its words and this court cannot alter the meaning of the statute by adding language the legislature chose to exclude.  See, e.g., Williams, 174 N.H. at 640-41; Pinault, 168 N.H. at 31.

When, in other contexts, the legislature intended to create a means for municipalities to recover attorney's fees, it fully understood the language necessary to do so.  The absence of such language here implies that RSA 627:1-a was not intended to provide attorney's fees to entities beyond those specifically mentioned: "persons" who have lawfully used force during the course of an encounter/altercation with another.  "To hold otherwise would not only contravene the statute's plain language, but also add language to the statute that the legislature did not see fit to include."  State v. Parr, 175

N.H. 52, 58 (2022).  See also State v. Gunnip, 174 N.H. 778, 785
(2022) (same).


    As the party invoking the provisions of RSA 627:1-a,
defendants bear the burden of showing entitlement to fees under
that statute.  Yet, their argument implies they believe that
Velez must demonstrate that they are not entitled to a fee
award.

> Plaintiff argues that a plain reading of RSA 627:1-a
> requires that fees only be recovered by "natural
> persons," and because Officers Eutzy and Slocum "have
> [not] directly paid, or will be required to pay" the
> attorney's fees incurred in connection with the
> defense of this action, Defendants are not entitled to
> attorney's fees under the statute.  As an initial
> matter, Plaintiff cites no case law supporting this
> interpretation of the statute, and Defendants have
> found none.

Defendants' Reply Memorandum at 3.  Defendants then assert
that:

> Put simply, RSA 627:1-a imposes no obligation on a law
> enforcement officer, or other person under the
> statute, to pay the cost of his or her own attorney's
> fees in order to recover the same if successful in a
> civil action.  Furthermore, this Court does not need
> to read into the statute language - or in this case a
> whole provision - which the New Hampshire legislature
> did not see fit to include.
>
> Plaintiff's argument that defense or indemnification
> precludes an award of attorney's fees under RSA 627:1-a
> is not supported by the plain language of the statute,

       and is not grounds for denying an award of attorney's
       fees to Defendants.

<u>Id</u>. But, to borrow defendants' language, put simply, the plain
language of the statute only authorizes the court to award
reasonable attorney's fees to a "person" and here no individual
person incurred any attorney's fees.


     The court also notes the general rule that pro se litigants
who owe no obligation to pay fees to an attorney, are not
typically entitled to an award of attorney's fees. <u>See</u> <u>Emerson</u>
<u>v. Town of Stratford</u>, 139 N.H. 629, 632 (1995) ("This case also
compels us to address the issue of whether a court may award the
sanction of attorney's fees to a <u>pro</u> <u>se</u> litigant who does not
incur any obligation to pay for an attorney. We are now
prepared to join the majority of jurisdictions that have
answered the question in the negative."). <u>See also</u> <u>ATV Watch v.</u>
<u>New Hampshire Dep't of Transp.</u>, 161 N.H. 746, 764-65 (2011).
Here, like the pro se litigant, the police officer defendants
did not incur any obligation to pay for an attorney.
Consequently, given the precise and limited statutory language
at issue, it is difficult to see how an award to those "persons"
could be warranted in this case.

Finally, because the New Hampshire Supreme Court has yet to definitively interpret the meaning of the word "person" as used in RSA 627:1-a (and because neither party seeks certification of the issue), this court is unwilling to adopt defendants' novel and expansive interpretation of the plain language employed in that statute.  See generally Doe v. Trustees of Bos. Coll., 942 F.3d 527, 535 (1st Cir. 2019) ("A litigant who chooses federal court over state court cannot expect this court to blaze new and unprecedented jurisprudential trails as to state law.") (citations and internal punctuation omitted); Halsey v. Fedcap Rehab. Servs., Inc., 95 F.4th 1, 10 (1st Cir. 2024) ("A federal court considering state law claims does not create new rules or significantly expand existing rules.  We leave those tasks to the state courts.  We are bound by the teachings of [the State's] highest court, and take care not to extend state law beyond its well-marked boundaries.  We presume that the appellants, in choosing a federal rather than a state forum, were cognizant that it is not the role of a federal court under diversity jurisdiction to blaze new trails in state law.") (citations and internal punctuation omitted).[1]

---

[1]    Velez originally filed this action in the Hillsborough County Superior Court, Northern Division.  But, invoking the provisions of 28 U.S.C. § 1331, defendants removed it to this forum.

Parenthetically, the court points out that even if defendants had shown that they are entitled to an award of reasonable attorney's fees under the statute, it is unclear that any award of fees would, in fact, be "reasonable." To be sure, defense counsel has made laudable efforts to reduce her fee request and limit it to work performed exclusively on responding to Velez's state law claims (she seeks an award of only $5,000, which is less than ten percent of the total amount billed to her client). In that sense, the request is certainly "reasonable." But, Velez has asserted that he is indigent. Assuming that is true (which, under different circumstances, the court would verify by requiring Velez to submit a financial affidavit), a "reasonable" fee award might well be significantly less than even the modest amount sought by defendants. Indeed, it might be nothing at all. See, e.g., Maggi v. McComiskey, No. 17-CV-109-SM, 2017 WL 4803908, at *4-5 (D.N.H. Oct. 23, 2017) (discussing mitigating factors than can counsel against an award of attorney's fees, even when such an award is authorized and otherwise justified); Amatucci v. Hamilton, No. CIV. 05-CV-259-SM, 2007 WL 2993824, at *4 (D.N.H. Oct. 11, 2007) (same). See generally Adams v. Bradshaw, 135 N.H. 7, 16 (1991) (noting the discretion afforded to trial courts in determining the "reasonableness" of a fee award and the "tremendous deference" afforded such decisions).

**Conclusion**

Defendants' request for an award of attorney's fees is based exclusively upon the provisions of RSA 627:1-a. Accordingly, any such award must be specifically authorized by the plain and ordinary meaning of the language used in that statute.  But, defendants have failed to demonstrate that the "persons" who might be entitled to such a fee award under that statute – that is, the individual police officer defendants in this case – actually incurred any costs or attorney's fees in this case.  Nor have defendants persuasively shown that the statute's use of the word "person" should be interpreted expansively to include municipal employers and/or insurance carriers with subrogation rights.[2]

---

[2]    RSA 627:1-a, including its provision regarding entitlement to attorney's fees, is similar to statutes that have been enacted in several other states.  See, e.g., Idaho Code Ann. § 6-808(1); La. Stat. Ann. § 9:2800.19(A); Mich. Comp. Laws Ann. § 600.2922c; 42 Pa. Stat. and Cons. Stat. Ann. § 8340.2; Tenn. Code Ann. § 39-11-622; Wis. Stat. Ann. § 895.62(5); Wyo. Stat. Ann. § 6-1-204(c).  Yet, defendants have not cited any judicial opinions giving such statutes the broad interpretation that they urge this court to adopt.  Moreover, although the court does not find the statute to be ambiguous (and, therefore, does not resort to its legislative history), it is, perhaps, worth noting that defendants have not pointed to anything in the legislative history of RSA ch. 627 or its amendments that supports their broad interpretation of the word "person" in section 627:1-a.

As the party seeking an award of fees under RSA 627:1-a, defendants bear the burden of showing entitlement to such an award.  They have not carried that burden.  For the forgoing reasons, as well as those discussed in plaintiff's legal memoranda (documents no. 36-1 and 41), defendants' Motion for an Award of Attorney's Fees Pursuant to RSA 627:1-a (**document no. 32**) is denied.

      **SO ORDERED.**

                                _____

                                Steven J. McAuliffe
                                United States District Judge

May 14, 2025

cc:  Counsel of Record